IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YANCEY A. CHILDS,<br>AIS 208118, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) CASE NO. 2:23-CV-396-MHT-KFP<br>) |
| WARDEN DAVID LAMAR, et al., | )<br>) |
| Respondents. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.    INTRODUCTION**

This action was filed on June 20, 2023, and docketed as an application for habeas relief under 28 U.S.C. § 2254. Petitioner Yancey Childs is an inmate at the Bullock Correctional Facility in Union Springs, Alabama, and seeks to challenge the legality of his conviction and sentence on a domestic violence conviction entered against him by the Circuit Court of Shelby County. Doc. 1; Docs. 1-4–1.9.[1] Yancey is serving a 240-month prison term for this conviction. Upon review, the Court concludes the petition is due to be transferred to the United States District Court for the Northern District of Alabama.[2]

---

[1] *See also* Alabama Trial Court System hosted at www.alacourt.com. This Court may take judicial notice of its own records and those of state courts. *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999); *Paez v. Sec'y, Fla. Dep't of Corrs.*, 947 F.3d 649, 651-52 (11th Cir. 2020); *see also Keith v. DeKalb Cnty. Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (noting that "[w]e take judicial notice of [the state's] Online Judicial System") (*citing* Fed. R. Evid. 201).

[2] Yancey's Petition was not accompanied by the $5 filing fee or an application for leave to proceed in forma pauperis. The Court, however, finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

**II.   DISCUSSION**

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

Thus, § 2241(d) confers concurrent jurisdiction over a § 2254 habeas corpus petition upon the federal district court for the district of the state court of conviction and sentencing or the federal district court in the petitioner's district of incarceration in that state. Section 2241(d) further provides that either such court "in the exercise of its discretion and in furtherance of justice" may transfer a § 2254 petition to "the other district court for hearing and determination." 28 U.S.C. § 2241(d).

Yancey was convicted of a domestic violence offense in the Circuit Court of Shelby County, and that court imposed the state sentence he is serving. Shelby County is located within the federal judicial district of the United States District Court for the Northern District of Alabama. The Court observes that it has jurisdiction to hear Yancey's § 2254 habeas corpus application because he is currently detained within the federal judicial district of the United States District Court for the Middle District of Alabama. However, transfer to the United States District Court for the Northern District of Alabama—where jurisdiction is appropriate because of Yancey's conviction and sentence in that district—is in the interest of justice.

2

Here, the matters being complained of by Yancey stem from his conviction and sentence in the Circuit Court of Shelby County, Alabama, where the underlying records and witnesses are likely to be located. Further, in the event an evidentiary hearing becomes necessary, the United States District Court for the Northern District of Alabama is a more convenient forum. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973) (observing that "Congress explicitly recognized the substantial advantages of having [habeas corpus] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy"). Accordingly, it appears that both the interests of justice and judicial economy would be furthered by a transfer of proceedings to the Northern District of Alabama.

**III. CONCLUSION**

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 2241(d).

Further, it is ORDERED that by **July 13, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the

Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 29th day of June, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE